### In re CASTRIAN STEAMSHIP CO., Limited.

### THE LANCASTRIAN.

(District Court, E. D. New York. May 4, 1923.)

1. **Shipping ⬩⬩209(3)—Petition for limitation of liabilty held defective as not offering to surrender pending freights.**

   A petition for limitation of liability *held* defective in not offering to surrender pending freights, in view of Rev. St. § 4283 (Comp. St. § 8021).

2. **Shipping ⬩⬩207—Liability cannot be limited as respects seamen's wages.**

   As respects seamen's wages, liability cannot be limited under Act June 26, 1884, § 18 (Comp. St. § 8028).

In Admiralty. In the matter of the petition of Castrian Steamship Company, Limited, for limitation of liability as owner of the steamship Lancastrian, her engines, etc. Petition denied.

Max Rockmore, of New York City, for petitioner.

Kelly & Blinn, of New York City, for Amoroso.

Burlingham, Veeder, Masten & Fearey, of New York City, for Charles Dunn & Co., Limited.

John T. Little, of New York City, for Daniel P. Smith and others.

Leo J. Curran, of New York City, for Oscar Smith and others.

E. Paul Yaselli, of New York City, for Puccio and others.

CAMPBELL, District Judge. This case comes before the court on a petition filed by the Castrian Steamship Company, Limited, to limit its liability, and an order to show cause, obtained by said Castrian Steamship Company, Limited, why an order should not be made granting to the petitioner the relief prayed for in the petition, and why the steamship Lancastrian, now in the possession of the United States marshal, should not be forthwith surrendered to a trustee to be appointed by this court, for sale by said trustee for the benefit of the parties interested in this proceeding, and why the petitioner should not have such other and further relief as may be just and proper in the premises.

[1] In the petition it is shown that the freight earned on the voyage of said vessel referred to in said petition amounts to $5,523.63, and while in the prayer of the petition in the first subdivision appraisement is asked to be made of the value of the petitioner's interest in the said steamship Lancastrian and her pending freight for the aforesaid voyage, and in the second subdivision of the prayer it is

---

⬩⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

asked that the court make an order directing the petitioner to file a stipulation with surety to be approved by the court for the payment into court of the amount of the petitioner's interest, whenever the court shall direct, it is asked by the sixth subdivision of the prayer that the court direct that the petitioner may, in lieu of giving a stipulation for the value of the steamship Lancastrian and her pending freight, surrender said vessel to a trustee to be appointed by this court, to sell the same upon the usual notice, etc. It is not asked in the sixth subdivision of the prayer that the order direct that, in addition to surrendering the steamship, the petitioner must surrender the pending freight, and if the petition was granted, and its order prayed for made, the petitioner could comply therewith by simply surrendering the vessel, and the libelants would be deprived of that which under the law they are entitled to have, and that is, the vessel and the pending freight. The owner is required to surrender pending freights. The Giles Loring (D. C.) 48 Fed. 463; The Main, 152 U. S. 122, 14 Sup. Ct. 486, 38 L. Ed. 381; La Bourgogne, 210 U. S. 95, 28 Sup. Ct. 664, 52 L. Ed. 973.

[2] Section 4283 of the Revised Statutes (Comp. St. § 8021) reads as follows:

"The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage or injury by collision, or for any act, matter or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity, or knowledge of such owner or owners shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending."

It further appears by the petition that there is an attempt to limit liability as to the wages due to seamen. This, however, could not be, because by section 18 of the Act of June 26, 1884 (Comp. St. § 8028), it is provided that there shall not be a limitation of the liability as to wages of persons employed by said shipowners. Said section reads as follows:

"Sec. 18. That the individual liability of a shipowner, shall be limited to the proportion of any or all debts and liabilities that his individual share of the vessel bears to the whole: and the aggregate liabilities of all the owners of a vessel on account of the same shall not exceed the value of such vessels and freight pending: Provided, that this provision shall not affect the liability of any owner incurred previous to the passage of this act, nor prevent any claimant from joining all the owners in one action; nor shall the same apply to wages due to persons employed by said shipowners."

The order asked for herein, granting to the petitioner the relief prayed for in the said petition and the surrender of the ship now in the possession of the marshal to a trustee, is therefore denied.

Settle order on notice.